IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HULEN T. HARRELL,

      Plaintiff,                  No. CIV S-09-1841 FCD GGH P

   vs.

D.K. SISTO, et al.,

      Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff names the following as defendants: former California State Prison-Solano (CSP-Sol) Warden D. K. Sisto, Associate Warden R.W. Cappel, Correctional Officer (C/O) White, C/O Saint-Louis. Complaint (Cmp.), pp. 1-2. Plaintiff alleges that he was subjected to a vindictive and retaliatory search on April 12, 2008, of his bed and locker area in Building 17 on 3-yard at CSP-Sol, and that the search was not authorized under CAL. CODE REGS. tit.xv, § 3190,[1] et seq., i.e., that the confiscations were unauthorized. Id. at 3. Plaintiff alleges that various items of his personal property confiscated by defendants White and Saint-Louis were listed as: a thirteen-inch Admiral TV; a Sony cassette player; Aiwa Hp-X201 head phones; porn pics; black boots; tattoo needle; Rayban non-prescription blue sunglasses. Id. at 4, 10. The TV was confiscated because it was "altered"; the cassette player and headphones had no name and no CDC number (and were broken), and in addition the cassette player was found to have been altered. Id.

Plaintiff contends that on March 27, 2008, after about a week on lockdown, 3-yard, Bldg. 17, as well as others, underwent a search on the basis of rumors that there was a "zip gun" on 3-yard, at which time none of plaintiff's personal property items were confiscated. Cmp., p. 4. Before yard release on 3-yard the next day, 3-yard was back on lockdown status because a live .22 caliber round had purportedly been found near the 4-yard dining hall and a memo issued later indicated that the zip-gun was supposed to have been transferred from 3-yard to 4-yard. Id. Thereafter, the April 12, 2008, search at issue occurred. Id. at 4.

---

[1] This regulation addresses the state-issued and personal property items inmates may be permitted in their quarters.

3

Plaintiff contends that the initial earnest search for a potential manufactured weapon transformed into an abusive and oppressive search at a medium security level facility because of media broadcasts of inmate staff assaults at Tehachapi, which had nothing to do with CSP-Sol. Cmp., p. 5. He claims that his Sports Illustrated swimsuit edition and other pictures of sparsely clothed women "could hardly be characterized as porn pics" and that his dark brown Wallaby rubber sole shoes were not black boots or slippers. Id. Plaintiff claims that, despite his "outrage" over the alleged retaliatory treatment to which he has been subjected, he is receptive to negotiation for reasonable replacement of his confiscated property by items of equal value. Id. Plaintiff also seeks a form of relief he describes as "injunctive declaratory," asking that he be free from future "retaliatory punitive prison searches." Id., at 3, 5.

The court notes that in exhibits appended to the complaint, it appears that plaintiff's television set has been returned to him. Cmp., pp. 6, 20. It is also evident that various of the items confiscated, including the "porn pics, black boots, tattoo needle, blue glasses non-RX" were deemed to be contraband and that prison officials found the items also not to be listed on his property card, although plaintiff maintained they were his. Id., at 10, 18. It also does not appear that plaintiff ever specifically sought the return of his "porn pics" or tattoo needle via the grievance process. Id. at 6, 8-9, 18-20.

Plaintiff has not framed colorable claims. In the first place, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142,

1149 (9th Cir. 1987).  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

Here, plaintiff specifically alleges that the confiscation of his personal property was unauthorized and in violation of state regulation and occurred as the result of a retaliatory search.  Moreover, given that his exhibits indicate his television has been returned, plaintiff has not sufficiently alleged that the deprivation — at least as to any items not evidently deemed contraband such as the tattoo needle— is more than temporary.  For these reasons, plaintiff's allegations against defendants concerning the taking of his personal property do not state a cognizable claim for relief.

Nor does plaintiff set forth any viable claim of retaliation.  In order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532. The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).  Verbal harassment alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts should defer "to prison officials in the evaluation of proffered legitimate penological reasons for conduct alleged to be retaliatory."  Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472, 115 S. Ct. 2293 (1995)).  Plaintiff himself has evidently failed to pursue from prison officials return of some of the items confiscated according to his exhibits, such as the pictures and the

tattoo needle, which at least suggests that he cannot contend that such items are improperly deemed contraband and thus his possession of same could hardly be found to come within the sphere of protected conduct.  Nor is plaintiff's speculation that the second search was motivated by events occurring elsewhere state a claim of retaliation, especially where he references the prison's apparent evidence of a live bullet being found as the basis for the search, simply because some of his personal property items were removed during the second search, but apparently not during the first.

Nor to the extent that plaintiff intends to claim that the search was unconstitutional does he have any claim under the Fourth Amendment for an unreasonable search.  U. S. v. Kincade, 379 F.3d 813, 822 n. 17  (9th Cir. 2004), quoting Hudson v. Palmer, 468 U.S. 517, 526, 104 S.Ct. 3194 (1983) ("[S]ociety is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell.... [A]ccordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell.").

Plaintiff's complaint will be dismissed and although the court cannot discern how plaintiff may frame colorable claims, plaintiff will be given leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

\\\\\

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this order. Failure to file an amended complaint will result in a recommendation that the action be dismissed.

DATED: October 16, 2009

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:009
harr1841.bnf