IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HULEN T. HARRELL,

       Plaintiff,               No. CIV S-09-1841 FCD GGH P

   vs.

D.K. SISTO, et al.,

       Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed October 16, 2009, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint. Unfortunately, plaintiff has failed to cure the defects of the original complaint.

       As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

3 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

4 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

5 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully

6 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th

7 Cir. 1989); Franklin, 745 F.2d at 1227.

8    A complaint must contain more than a "formulaic recitation of the elements of a

9 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

10 speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

11 "The pleading must contain something more...than...a statement of facts that merely creates a

12 suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal

13 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient

14 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

15 v. Iqbal, No. 07-1015, 2009 WL 1361536 at * 12 (May 18, 2009) (quoting Twombly, 550 U.S. at

16 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content

17 that allows the court to draw the reasonable inference that the defendant is liable for the

18 misconduct alleged." Id.

19    In reviewing a complaint under this standard, the court must accept as true the

20 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

21 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

22 and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

23 1843 (1969).

24    Once again, plaintiff names the following as defendants: former California State

25 Prison-Solano (CSP-Sol) Warden D. K. Sisto, Associate Warden R.W. Cappel, Correctional

26 Officer (C/O) White, C/O Saint-Louis. Complaint (Cmp.), p. 1. Plaintiff does not specify,

however, how each of these individuals were involved in any constitutional deprivation to which

he was subject.  Plaintiff purports to allege a violation of his Fourth Amendment and Eighth

Amendment rights "by the retaliatory,[1] vindictive, and malicious" search conducted by California

State Prison-Solano (CSP-Sol) in April, 2008, resulting in confiscation of some of his personal

property.  Amended Complaint, p. 3.  In his amended complaint, plaintiff fails to even clearly

identify within the body of his allegations all the personal property that is at issue and plaintiff

was previously informed that an amended complaint supersedes the original complaint, see Loux

v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), which means that he should fully set forth his

allegations within the amended complaint.  Nor is it enough that plaintiff attaches exhibits in the

hope that the court will review them to determine all the property that may be at issue.  Plaintiff

references a television that was taken and returned but not in good condition due to its plug-in

cord having been ripped off.  A.C., p. 6.  He also references a combination radio-cassette and

earphones which were taken but apparently not returned (although plaintiff does not expressly

state this in the amended complaint) because, according to prison staff, that property was not

identifiable as plaintiff's because the property had not been previously registered on plaintiff's

property card and had been altered.  Id., at 6, 9.  Plaintiff asserts that the radio-cassette was listed

on his property card and that he arrived at CSP-Sol with the earphones and that the alterations

referenced were plaintiff's efforts to repair the items with tape.  Id., at 6.

Plaintiff alleges that he has "suffered intense mental stress and anguish following

the unjustified taking of plaintiff's personal property...." by which he seeks to implicate the

Eighth Amendment.  AC, p. 3.  His basis for claiming the search resulting in the loss of his

personal property was retaliatory was because there had been four prisoner assaults of staff at

Tehachapi which occurred at the same time, resulting in a statewide prison lockdown for a week

to ten days.  Id., at 5.  He further contends that he had never been subject to such a "veng[e]ful,

---

[1]  An act of retaliation implicates the First, not the Fourth or Eighth, Amendments.

vindictive and unjustifiably punitive search or confiscation" in the previous five years plaintiff had been housed at CSP-Sol.  Id., at 5.  Plaintiff states that he does not seek money damages, but also asks to be compensated for his confiscated personal property (again inadequately identified) and/or seeks to have the personal property replaced by property of equal value, i.e., he seeks restitution. Id., at 3-4.  Plaintiff also seeks a declaratory judgment and injunctive relief in the form of an order that would deter any future "retaliatory searches."  Id.

Plaintiff has once again not framed colorable claims and largely for the same reasons.  As noted in the prior order, the United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533, 104 S.Ct. 3194, 3204 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

Here, plaintiff specifically alleges that the confiscation of his personal property was the result of a unique, unjustified and retaliatory search, i.e., one that was at least implicitly unauthorized and not carried out pursuant to state procedure or regulation.  In addition, to the extent that plaintiff might claim that his TV returned to him had been damaged by an act of negligence on the part of any prison staff, plaintiff fails to state a claim on that basis because while a prisoner may not, without due process, be deprived of a protected property interest, Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963 (1974), "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to ... property."

4

1  Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662 (1986) [emphasis in original].  Plaintiff's

2  allegations against defendants concerning the taking of his personal property do not state a

3  cognizable claim for relief.

4         Even if the seizure of property was undertaken in conformance with official rules

5  and policy, plaintiff does not identify the constitutional deficiencies in such policies.

6         Nor does plaintiff set forth any viable claim of retaliation.  In order to state a

7  retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of

8  protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct.

9  Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); Rizzo 778 F.2d at 532.

10  The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for

11  the conduct he contends was retaliatory.  Pratt at 806 (citing Rizzo at 532).  Verbal harassment

12  alone is insufficient to state a claim.  See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.

13  1987).  However, even threats of bodily injury are insufficient to state a claim, because a mere

14  naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925

15  (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must

16  "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional

17  rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n.1) (10th Cir. 1990).

18         In Pratt, the Ninth Circuit concluded that in evaluating retaliation claims, courts

19  should defer "to prison officials in the evaluation of proffered legitimate penological reasons for

20  conduct alleged to be retaliatory."  Pratt, 65 F.3d at 807 (citing Sandin v. Conner, 515 U.S. 472,

21  115 S. Ct. 2293 (1995)).  Plaintiff's speculation that the search was motivated by incidents of

22  inmate violence on prison staff occurring in another prison does not sufficiently state a claim of

23  retaliation.

24         Nor to the extent that plaintiff alleges, or intends to, that the search was

25  unconstitutional as violating the Fourth Amendment prohibition against unreasonable searches

26  does he state a claim.  U. S. v. Kincade, 379 F.3d 813, 822 n. 17  (9th Cir. 2004), quoting

1  Hudson v. Palmer, 468 U.S. 517, 526, 104 S.Ct. 3194 (1983) ("[S]ociety is not prepared to

2  recognize as legitimate any subjective expectation of privacy that a prisoner might have in his

3  prison cell.... [A]ccordingly, the Fourth Amendment proscription against unreasonable searches

4  does not apply within the confines of the prison cell.").

5          Finally, plaintiff does not implicate the Eighth Amendment by claiming that he

6  suffered intense mental anguish and stress by having his personal property taken in the search.

7  "'Because routine discomfort is part of the penalty that criminal offenders pay for their offenses

8  against society, only those deprivations denying the minimal civilized measure of life's

9  necessities are sufficiently grave to form the basis of an Eighth Amendment violation.'" Somers

10  v. Thurman, 109 F.3d 614, 623 (1997), quoting Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct.

11  995, 1000 (1992)(omitting internal quotations and citations); Hoptowit v. Ray, 682 F.2d 1237,

12  1246 (9th Cir.1982) ("[A]n institution's obligation under the eighth amendment is at an end if it

13  furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and

14  personal safety" [internal quotations omitted]).   Under the Eighth Amendment, "[c]onditions

15  must not involve the wanton and unnecessary infliction of pain...."  Rhodes v. Chapman, 452

16  U.S. 337, 347, 101 S. Ct. 2392, 2399 (1981).  Plaintiff's allegations of having suffered mental

17  stress and anguish from the search and/or removal of his property comes nowhere near to

18  implicating the Eighth Amendment.  Plaintiff simply does not provide sufficient allegations "of

19  calculated harassment unrelated to prison needs" to support the implication of the Eighth

20  Amendment in this context.  See Hudson v. Palmer, 468 U.S. 517, 530, 104 S. Ct. 3194, 3202

21  (1984).  Moreover, as to his claim solely of having suffered emotional or mental stress, under 42

22  U.S.C. § 1997e(e):

23          No federal civil action may be brought by a prisoner confined in a
        jail, prison, or other correctional facility, for mental or emotional
24          injury suffered while in custody without a prior showing of
        physical injury.

25

26  \\\\\

6

1    Because plaintiff has been provided with an opportunity to amend his complaint

2   and again fails to set forth colorable claims, the court will now recommend dismissal for

3   plaintiff's repeated failure to state a claim for which relief may be granted.  "Under Ninth Circuit

4   case law, district courts are only required to grant leave to amend if a complaint can possibly be

5   saved.  Courts are not required to grant leave to amend if a complaint lacks merit entirely."

6   Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000).  See also, Smith v. Pacific Properties and

7   Development Corp., 358 F.3d 1097, 1106 (9th Cir. 2004), citing Doe v. United States, 58 F.3d

8   494, 497 (9th Cir.1995) ("a district court should grant leave to amend even if no request to

9   amend the pleading was made, unless it determines that the pleading could not be cured by the

10   allegation of other facts."). "[A] district court retains its discretion over the terms of a dismissal

11   for failure to state a claim, including whether to make the dismissal with or without leave to

12   amend." Lopez v. Smith, 203 F.3d at 1124.  "The district court's discretion to deny leave to

13   amend is particularly broad where plaintiff has previously amended the complaint." Metzler Inv.

14   GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072 (9th Cir. 2008), quoting In re Read-Rite

15   Corp., 335 F.3d 843, 845 (9th Cir. 2003).

16    Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for

17   plaintiff's continued failure to state claim.

18    These findings and recommendations are submitted to the United States District

19   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

20   days after being served with these findings and recommendations, any party may file written

21   objections with the court and serve a copy on all parties.  Such a document should be captioned

22   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

23   shall be served and filed within fourteen days after service of the objections.  The parties are

24   \\\\\

25   \\\\\

26   \\\\\

1    advised that failure to file objections within the specified time may waive the right to appeal the

2    District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3    DATED: April 2, 2010

4                                              /s/ Gregory G. Hollows

5                                              _____
                                               UNITED STATES MAGISTRATE JUDGE
6    GGH:009
     harr1841.fr

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26